IN RE JOINT APPLICATION OF THE AMERICAN COMMUNICATION COMPANY, INC., A CORPORATION, ET AL. AMERICAN COMMUNICATION COMPANY, INC., A CORPORATION, APPELLEE, V. FRITZ BUNTEMEYER ET AL., APPELLEES, THE HAMILTON TELEPHONE COMPANY, A CORPORATION, INTERVENER-APPELLANT.

166 N. W. 2d 116

Filed March 21, 1969. No. 37110.

Adams & Carstenson and Baldwin & Coady, for appellant.

Baylor, Evnen, Baylor & Urbom, J. Arthur Curtiss, and Arnold E. Rawn, for appellees.

Heard before WHITE, C. J., CARTER, SPENCER, BOSLAUGH, SMITH, McCOWN, and NEWTON, JJ.

SMITH, J.

American Communication Company and officers of Deshler Telephone Company agreed that American would purchase 24 shares of Deshler stock from the officers. The agreement being subject to aproval by the Nebraska State Railway Commission, the parties applied to the commission for approval or in the alternative for disclaimer of jurisdiction. The application met resistance from Hamilton Telephone Company which had been negotiating for Deshler assets. The commission found that Deshler was not a common carrier, ordering dismissal for lack of jurisdiction. Hamilton on appeal contends that the evidence is insufficient to sustain the finding.

Deshler, incorporated under general law, furnishes

local exchange telephone service in Nebraska. Its lines which occupy public ways serve a territory where no other telephone service is available. Ownership of a telephone and one share of Deshler stock have been conditions of eligibility for the service. The share, freely negotiable, sold initially for $25 and subsequently for $40. A letter to Deshler in 1935 described company practices as follows:

"Your actual activities consist in operating a local exchange for the benefit of your stockholders. You state that you have no income from nonmembers; that an annual assessment is levied against your members, part of which together with the commissions received on toll services handled for other companies, is used to defray your operating costs; that the balance of your annual assessment is credited to surplus, but does not inure to the benefit of any private stockholder or individual; and that you do not pay interest or dividends on your capital stock."

Deshler offered to serve all who would fulfill conditions of eligibility, and its president assisted applicants in straitened circumstances by purchasing shares of stock for their benefit. He also sold shares to other applicants. The number of shares owned by Deshler officers on December 1, 1967, was: President, 11; vice president, 1; and secretary-treasurer, 12. American then agreed to purchase each share at a price of $400.

American and Deshler officers on December 1, 1967, conceded that upon purchase of the 24 shares American would or might gain control of Deshler. In July 1967, Deshler had served 585 customers. In November it listed 494 stockholders and 543 shares issued and outstanding. Deshler assets totaling $88,040.39 on December 31 included (1) receivables due from subscribers and agents $6,337.78; (2) cash, $9,826.86; and (3) securities, $29,863.04. Cash receipts of $53,628.67 for the year included $31,252.61 in tolls and taxes. The surplus reserve at the close of 1967 was $60,516.26.

A company furnishing communication services for hire in Nebraska intrastate commerce is a common carrier subject to general control of the commission. § 75-109, R. R. S. 1943. An essential part of the definition is the phrase "for hire." See, State v. Southern Elkhorn Telephone Co., 106 Neb. 342, 183 N. W. 562; Northwestern Bell Tel. Co. v. Pleasant Valley Tel. Co., 181 Neb. 799, 150 N. W. 2d 922; cf. City of Bayard v. North Central Gas Co., 164 Neb. 819, 83 N. W. 2d 861. A cooperative or mutual company operating an exchange offering telephone service in Nebraska may be under a duty to file maps of service territory with the commission. See § 75-605, R. R. S. 1943. A service area boundary between American and Deshler was considered in Sherdon v. American Communication Co., 178 Neb. 454, 134 N. W. 2d 42. The commission has not otherwise asserted jurisdiction over Deshler.

The commission, the parties concede, necessarily based the dismissal for lack of jurisdiction on the finding that Deshler was not a common carrier. The evidence in our opinion is insufficient to sustain the finding. We imply no opinion on any other issue.

The order of the commission is reversed.

REVERSED.